## INDUSTRIAL COMMISSION v BOWSHIER

Ohio Appeals, 2nd Dist, Franklin Co

No 2093.   Decided Sept 25, 1931

Gilbert Bettman, Donald J. Hoskins, and J. E. Bowman, Columbus, for plaintiff in error.

T. J. Duffy, Columbus, for defendant in error.

ALLREAD, PJ.

It is claimed in the petition in error in this court that the record does not disclose a scintilla of legal evidence to establish a causal connection between the alleged injury and the cause of death.  Upon this assignment of error counsel for the plaintiff in error makes his principal argument.  He claims first that there is no competent evidence that the slipping of the deceased in pulling the load of meat was an accidental injury which caused the hernia.  Under the statute (§1465-91) a more liberal and less technical rule is provided for evidence.  This governs the trial on appeal.  **Industrial Com. vs. Link, 122 Oh St 181-190.**  We are satisfied that according to the competent testimony of the witnesses of the plaintiff there was sufficient evidence of an accidental injury to justify the verdict of the jury that there was, and that such injury was a cause of the inguinal hernia thereafter developed.  It is also asserted by the complainant that the evidence tended to prove that the hernia was one of the causes of lighting up and aggravating the pre-existing condition of otitis media and caused the suppurative meningitis from which the deceased died.

Counsel for the plaintiff in error cites the medical testimony which he claims is speculative only; that the strongest inference from such testimony is that the hernia might have resulted in the meningitis, but nowhere states the cause in a stronger light.  Complainant offered as a witness Dr. Merrell whose testimony is more positive than that of the doctors referred to, and the testimony of Dr. Merrell is supplemented by the testimony of Dr. McCready which we think is clearly to the effect that the hernia produced immediately by the fall of the deceased was in the natural progress of the disease the ultimate cause of the meningitis which was the final cause of death.  Besides, the testimony of the doctors was in a form from which the jury might have found the consecutive facts:  1st—that the slip in hauling the load of meat may have

caused the hernia and that the hernia might have agravated the pre-existing condition and caused the meningitis which was one of the causes of the decedent's death. Besides, we are of opinion that the jury having considered both the expert and the non-expert evidence on the subject of the causation of death found positively that the accidental injury was proven to be the foundation and direct cause of the deceased's death. We think this finding of the jury is based upon sufficient evidence and is not contrary to the manifest weight of the evidence. There is some uncertainty as to the evidence remaining in after the trial court ruled upon the admissibility of evidence during the course of the trial. We think the record shows clearly that a substantial amount of the declarations at the time of the injury which were offered as a part of the res gestae were permitted to remain. This applies to the evidence of non-expert witnesses as well as expert witnesses. We think the trial court may have been and probably was in error in ruling out some of the evidence surrounding the injury. Those rulings were favorable to the plaintiff in error rather than against it. From the whole case we think the verdict and judgment are supported by the evidence. We find no prejudicial error and the judgment must therefore be affirmed.

HORNBECK, and KUNKLE, JJ, concur.